## WALTER A. MELLER CO. v. RODESSA GASOLINE CO., Inc., et al.

### No. 5594.

Court of Appeal of Louisiana.    Second Circuit.

Jan. 28, 1938.

Irion & Switzer, of Shreveport, for appellant.

Lester Wilson, of Shreveport, for appellees.

DREW, Judge.

Plaintiff instituted this suit to recover of J. H. Gwin and Rodessa Gasoline Company, Inc., the sum of $847.20, with interest, being the alleged balance due for the drilling of a water well and the materials necessary for use in said well.

It alleged that the two defendants jointly employed it to drill a water well upon the northwest quarter of northwest quarter, of southwest quarter, lying north of the Ida-Rodessa highway in section 9, township 23, range 15, Caddo parish, La.; that the agreed price was $996.52, on which price there has been paid the sum of $149.32, leaving a balance of the amount sued for.

It alleged it had a first lien and privilege upon the equipment, casing, well, machinery, appurtenances, buildings, and structures upon said property, and also upon defendants' lease upon said property; that notice of said lien and privilege was filed and recorded on August 11, 1936, in the Mortgage Records of Caddo parish, La.; that well was completed on June 16, 1936.

It further alleged that it fears and believes that defendant will discontinue, abandon, sell, remove, or part with the said well, casing, equipment, machinery, appurtenances, buildings, structures, and lease upon which plaintiff enjoys said lien during the pendency of this suit; and that a writ of provisional seizure is necessary to protect it in the premises. It prays for the issuance of the writ and for judgment in accordance with the allegations of the petition.

Defendant Gwin denies that he was acting for himself in the contract with plaintiff, and alleged he was acting as an agent of the Rodessa Gasoline Company, Inc. This allegation is admitted as true by plaintiff. Gwin is therefore eliminated from the case.

The other defendant admits the contract as alleged by plaintiff and the completion of the well on June 16, 1936; that plaintiff furnished the material used in the drilling of the well. It denies that plaintiff has a lien and privilege, as alleged, or that plaintiff feared or believed it would dispose of the property or place it out of the reach of plaintiff during the pendency of this suit. It admits the contract price was $996.52 and alleged it has paid the sum of $900 on said contract price, leaving a balance due of $96.52, which it admits owing. It alleged the payments were made in the following manner:

"That plaintiff herein was indebted unto the A & B Pipe & Supply Co. Inc., for a large sum of money, which amount is unknown to the defendants herein. That your defendant, Rodessa Gasoline Company, Inc., owing the plaintiff the amount sued for herein by mutual agreement with plaintiff and the A & B Pipe & Supply Co. Inc., agreed to pay the sum of Nine Hundred Ninety-six Dollars Fifty-two cents ($996.52) to the A & B Pipe & Supply Co. Inc., in payment of the debt due plaintiff herein, and said company agreed to give plaintiff herein credit on their indebtedness to them. That said arrangements were made and a verbal agreement

entered into according to the allegations herein set forth.

"That, acting in accordance with and pursuant to said agreement, your defendant, Rodessa Gasoline Co. Inc., through its officer and duly authorized agent, did pay to the A & B Pipe & Supply Co. Inc., the following amounts on the day and time as follows:

On or about September 15, 1936.. $500.00
October 2, 1936.................. 200.00
November 20, 1936 ............. 200.00
                                 ―――――――
Total ........................ $900.00"

On these issues, the case was tried below, resulting in judgment for plaintiff in the sum of $296.52, with 5 per cent. per annum interest thereon from June 15, 1936, until paid.

The writ of provisional seizure was maintained, and plaintiff was recognized as having a first lien and privilege upon all the property seized, the lease, equipment, casing, wells, machinery, appurtenances, buildings, and structures upon said leased property, and same were ordered sold, according to law, to the highest bidder for cash, and the full amount of the plaintiff's judgment be paid out of said funds by preference and priority over all other persons and claims whatsoever.

From this judgment, plaintiff has perfected an appeal from that part of the judgment only which allows defendant a credit of $500. It concedes now the judgment is correct in all other respects.

Defendant has not answered the appeal or prayed for any change to be made in the judgment. We are therefore only concerned with the question of whether the credit of $500 allowed defendant is correct or not. There is nothing else before us for determination.

Since defendant has set up the alleged credit and the defense of partial payment, the burden is upon it to establish this allegation with a preponderance of the testimony. Rev.Civ.Code, art. 2232.

Plaintiff was, at the time, indebted unto the A & B Pipeline Company in the sum of approximately $1,500. Noel and Thomas was indebted unto plaintiff in the sum of $548.93. The Stanley Machine Works was indebted unto defendant in the sum of $500. Mr. Brandt, who was representing the A & B Pipeline Company, but who was not connected with either the plaintiff

or defendant in any way, seems to have interested himself in preventing the plaintiff from foreclosing on its lien against defendant; and, through Mr. Brandt, an agreement was reached whereby plaintiff agreed to withhold suing on its claim and lien. Just what the agreement was is the subject of the disagreement between plaintiff and defendant now. There was no discussion of the agreement by any member of the plaintiff company with any member of the defendant company. Whatever the agreement was, was made through Brandt, the go-between; and it is not shown that he had any authority to bind either plaintiff or defendant; however, acting on the agreement made with Brandt, the defendant executed its note in favor of plaintiff for $545 and attached to it as collateral a note for $500 it held against the Stanley Machine Works. When the Stanley Machine Works paid its note, the defendants' note for $545, made payable to plaintiff, was credited with this amount and the money applied to the credit of plaintiff, with the A & B Pipeline Company.

Plaintiff admits it had agreed for any moneys collected from defendant to be applied to its account with the A & B Pipeline Company. It contends, however, that this $500 collected on the Stanley Machine Works note should have been credited to the Noel and Thomas account, which it contends Brandt agreed should be paid first.

■ The lower court, on rehearing, rendered a written opinon in which it correctly analyzed the case and correctly determines all issues raised in the following language:

"It is admitted that all that Rodessa Gasoline Company owed plaintiff was the $996.52, and plaintiff had already filed a lien against the property. Plaintiff had also drilled a well for Noel and Thomas, for which they owed plaintiff $548.93. Plaintiff also owed the A & B Supply Company (Max Brandt), some $1500.00.

"Plaintiff testifies that he had an agreement with Mr. Brandt (who had no connection with defendant) that he, Brandt, would collect what he could on that account (defendant's debt) "if I would lay off and would not file suit at that time and not file a lien on the other job." Brandt went out and obtained defendant's note in favor of plaintiff for $545.00. Mr.

Gwin testifies that Mr. Brandt brought the note already made out and told him that if he would sign the note, plaintiff would not file the suit to foreclose the lien against defendant. Plaintiff and defendant had no conversation between themselves about the transaction. It does not appear from the record that the Rodessa Gasoline Company had any interest in the Noel and Thomas well, and there is no reason advanced why they would be paying the debt of that concern, and no evidence that they agreed to do so. Defendant is not bound by any statement that Mr. Brandt made to plaintiff. Mr. Brandt testifies that the note was to apply on the Rodessa Gasoline Company account (and not on the Noel and Thomas job.)

"Defendant has paid $700.00" ($200.00 of which is no longer contested by plaintiff) "to the A & B Supply Company and admits it owes the balance of $296.52.

■ "Counsel for plaintiff contends that the burden of proof is on the defendant and while that is true, defendant and Mr. Brandt testify that the note and payment was for the account of the Rodessa Gasoline Company, while the plaintiff testifies that the $700.00 was to be first applied to the payment of the Noel and Thomas job and then, the balance to the $996.52; but the preponderance of the testimony is contrary to plaintiff's contentions.

■ "Plaintiff urges an estoppel against defendant on the ground that plaintiff, having accepted the note as for the Noel and Thomas debt, and refrained from filing a lien on that job, and now having lost his lien, defendant should not be heard to claim that the note was given on their own account. As before stated, defendant has not made any statement to plaintiff, and, so far as the record goes, did not know that plaintiff had a claim against them. Defendant gave the note to cover a part of their own account, and has done nothing to prevent plaintiff from filing their lien against Noel and Thomas; and, although plaintiff believed that the note was for the Noel and Thomas job, and acting on that belief, did not file their lien, but no act or statement by defendant caused plaintiff to act as he did, therefore, estoppel is not available to plaintiff."

We find no error in the judgment of the lower court, and it is affirmed, with costs.